CHARLES HAPPEL, INC. (NOZAKI BROS. INC.) *v.* UNITED STATES

No. 6015.—Invoices dated Yokohama, Japan, April 28, 1936, etc.
Certified May 4, 1936, etc.
Entered at New York, N. Y., May 29, 1936, etc.
Entry No. 847410, etc.

(Decided May 16, 1944)

*Strauss & Hedges* (*Hadley S. King* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

COLE, Judge: These appeals for reappraisement have been limited, by written stipulation filed on May 9, 1944, to canned clams packed 5 ounces to the tin, and represented by the invoice items marked A and initialed FHL, the parties agreeing that said merchandise is "the same as the clams packed 5 ounces to the can involved in *United States* v. *Mutual Supply Co. et al.*, Reap. Dec. 5950," and that the record therein may be incorporated here.

In the cited case, appraisement was made on the basis of American selling price, section 402 (g) of the Tariff Act of 1930 (19 U. S. C. 1940

ed. § 1402 (g)), pursuant to the provisions of a Presidential proclamation, T. D. 47031, which decreed such basis for appraisement of "clams other than razor clams" to equalize the differences in cost of production between foreign products and like or similar ones of domestic origin.

It is agreed between the parties that the market conditions, relating to the instant merchandise, were the same, at the time of its exportation, as those established in the incorporated case, and that the market price under those conditions for the 5-ounce clams included in Reappraisements 114050–A, 115314–A, 115315–A, and 117054–A was 90 cents per dozen cans, less 1½ per centum cash discount, and for such merchandise involved in the remaining appeals under consideration was $1 per dozen cans less 1½ per centum cash discount.

On the stipulated facts, I hold American selling price as defined in section 402 (g), *supra*, to be the proper basis for appraisement of the merchandise referred to, and that such statutory values are those hereinabove set forth.

The appeals having been abandoned as to all other merchandise, they are dismissed so far as they relate thereto.

Judgment will be rendered accordingly.